



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. R. Bullock
County Attorney
Pecos County
Fort Stockton, Texas

Dear Sir:

> Opinion No. 0-1083
> Re: Is it lawful for the commissioners'
> court to erect and maintain a com-
> munity recreational center and to
> levy and collect taxes in payment
> of same?

This is in reply to your letter of June 30, 1939, in which you ask the following question:

> "The Commissioners Court of Pecos County, Texas, is contemplating erecting and maintaining in a rural community in the county a building for the sole purpose of a community recreational center. The proposed building will be similar to many such buildings maintained in cities and will afford facilities for games, public gatherings, banquets and general public recreational acti-vities. This contemplated and proposed build-ing shall be owned and maintained exclusively by Pecos County.

> "Is it lawful for the Commissioners' Court to erect and maintain such building and institu-tion as above described and to levy and collect taxes in payment of same?"

The Commissioners' Court is a court of limited juris-diction and has no authority except such as is expressly given under the Constitution and statutes or by necessary implica-tions on the powers expressly granted. Bland vs. Orr, 39 S. W. 558; Ex parte Thomas, 2 S. W. (2d) 270; Madison County vs. Wallace, 15 S. W. (2d) 535.

Under the provisions of Article 8, Section 9 of the



Honorable M. R. Bullock, Page 2

Constitution of Texas and Articles 2552 and 7048, Revised Civil Statutes of Texas, counties may levy and collect a tax not to exceed twenty-five cents on the one hundred valuation; for the creation of public buildings, streets, sewers, water-works, and other permanent improvements.

Article 2351, Revised Civil Statutes, provides as follows:

"Each Commissioners' Court shall:

" . . . . .

"7. Provide and keep in repair courthouses, jails and all necessary public buildings."

Under the rule of "ejusdem generis" frequently applied by the court in the construction of statutes, it is our opinion that a community recreational center is not a permanent improvement similar to those enumerated so as to come within the meaning of other permanent improvements as used in the Constitution and statutes. Under this rule, where specific words are followed by general words, the general words are to to be taken to embrace only things of the same nature in kind as the specific words imply. Farmers & Merchants National Bank vs. Hanks, 137 S. W. 1120; Employers Casualty Company vs. Stewart, 17 S. W. (2d) 781.

If in the judgment of the Commissioners' Court the erection and maintenance of the community or recreational center is to be considered as a county park, your attention is called to Article 6078, Revised Civil Statutes, which provides as follows:

"Each commissioners court is authorized to levy and collect a tax not to exceed five cents on each $100 of assessed valuation of the county for therpurchase and improvement of lands for use as county parks which shall consist of not more than one hundred acres, and shall not exceed more than four in any one county. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property tax-paying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property tax-paying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks they shall locate them in widely separated portions of the



Honorable M. R. Bullock, Page 3

county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe."

It is a well recognized principle of law that where the Legislature prescribed a definite, certain method of procedure for a city or county to follow, other methods are by implication of law excluded. Foster vs. City of Waco, (Sup. Ct.) 255 S. W. 1104.

It is, therefore, the opinion of this department that the Commissioners' Court is not authorized to spend county funds to erect and maintain a community recreational building, as described in your letter, other than in compliance with and under the provisions of Article 6078¼ Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. P. Watts
Assistant

APPROVED JUL 14, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN